**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1757-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

BRIAN M. MERTZ, a/k/a
BRIAN MICHAEL MERTZ,

      Defendant-Appellant.

_____

Submitted March 6, 2024 – Decided May 3, 2024

Before Judges Accurso and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 09-06-0488.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for respondent (Michael C. Mellon, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brian Mertz appeals from the October 21, 2022 order dismissing his second petition for post-conviction relief (PCR).  Defendant claims the trial court erred in denying him an evidentiary hearing on the claim his PCR counsel provided him ineffective assistance by failing to argue defendant's trial counsel was ineffective for not objecting to inadmissible testimony and seeking a curative instruction.  The trial court dismissed the claim as time-barred and without merit as we'd already deemed trial counsel's error harmless on defendant's prior appeal.  We agree and affirm.

Defendant was convicted in 2012 of first-degree murder of a woman in 2002, following the discovery of DNA evidence in 2007 linking him to the crime.  State v. Mertz, No. A-3704-12 (App. Div. Dec. 29, 2015) (slip op. at 2).  We affirmed his conviction, id. at 1, 23, and the Supreme Court denied his petition for certification, State v. Mertz, 224 N.J. 529 (2016).

Defendant filed a timely petition for PCR in February 2017, arguing among several other things that his trial and appellate counsel had been ineffective by failing to object to the testimony of a police lieutenant "that the July 16, 2007, interview of defendant ended when defendant 'asked for a lawyer.'"  State v. Mertz, No. A-0705-18 (App. Div. July 2, 2020) (slip op. at

6). The PCR court denied defendant's petition, finding the trial court did not err in admitting the testimony, and plaintiff was not prejudiced in any event. Id. at 10-11.

We affirmed the denial of defendant's PCR petition for different reasons than those expressed by the PCR court. See State v. Maples, 346 N.J. Super. 408, 417 (App. Div. 2002) (noting "we affirm or reverse judgments and orders, not reasons"). We found "nothing in the record that would have supported the proper admission of the lieutenant's testimony about defendant's invocation of his right to counsel." Mertz, No. A-0705-18 (slip op. at 14). We accordingly concluded that trial counsel erred in failing to object to the testimony or seek a curative instruction, and thus that defendant had established the first prong of the Strickland[1] standard. Id. at 15. We agreed with the trial court, however, that the error did not prejudice defendant as "the challenged testimony was fleeting, the court generally instructed the jury on defendant's right to remain silent, and the prosecutor made no mention of defendant's request for an attorney during summations or at any other time during the trial." Id. at 16. Because defendant failed to establish he suffered any prejudice under

---

[1] Strickland v. Washington, 466 U.S. 668, 693-94 (1984).

Strickland's second prong, we affirmed the denial of his petition.[2]  See

Strickland, 466 U.S. at 687 (explaining a petitioner must establish both prongs

of the Strickland standard in order to obtain a reversal of a conviction).

On January 28, 2021, defendant filed a second petition for PCR,

alleging, with the assistance of appointed counsel, that his PCR counsel was

ineffective because he "failed to argue that a curative instruction was required

when testimony was elicited that questioning ceased due to the defendant

requesting counsel."  As already noted, the PCR court denied the petition on

the grounds it was untimely, Rule 3:22-12(a)(2)(C), and we had already

decided the failure of trial counsel to seek a curative instruction did not

prejudice defendant, see R. 3:22-5.  Defendant appeals, reprising the

arguments he made to the trial court.

Pursuant to Rule 3:22-12(a)(2), no second or subsequent petition for

PCR, "[n]otwithstanding any other provision in [Rule 3:22-12], . . . shall be

filed more than one year after the latest of:"  A) the United States Supreme

Court's or the Supreme Court of New Jersey's recognition of a new

constitutional right on which the defendant relies, which the Court has made

---

[2]  The Supreme Court subsequently denied defendant's petition for
certification.  State v. Mertz, 244 N.J. 396 (2020).

retroactive to cases on collateral review; B) a newly discovered factual predicate, which could not have been earlier discovered through reasonable diligence; or C) "the date of the denial of the first . . . application for post-conviction relief" where the defendant alleges ineffective assistance of counsel representing him on that petition.  R. 3:22-12(a)(2)(A) to (C).  A 2009 amendment to the Rule makes clear beyond question that the one-year limitation for second or subsequent petitions is non-relaxable.  R. 3:22-12(b); State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018); see also R. 1:3-4(c).  Rule 3:22-4(b)(1) requires dismissal of a second petition if untimely under Rule 3:22-12(a)(2).

Application of those Rules here makes plain the trial court was correct in dismissing defendant's second PCR petition as untimely.  Defendant filed his second PCR petition on January 28, 2021, more than one year beyond the denial of his first petition on August 10, 2018.  Not only was the petition filed beyond the one-year non-relaxable limitation of Rule 3:22-12(a)(2)(A)-(C), thus requiring its dismissal under Rule 3:22-4(b), but defendant raised, and we rejected, the claim that he was prejudiced by his trial counsel's failure to object to the police lieutenant's testimony about his request for counsel or counsel's failure to seek a curative instruction following its admission in his appeal from

the denial of his first petition. <u>Mertz</u>, No. A-0705-18 (slip op. at 14-17). Dismissal of the petition was thus appropriate under <u>Rule</u> 3:22-5 as well. Finally, there was no need for the trial court to have held an evidentiary hearing on a time-barred PCR petition in which the sole issue raised had already been decided on a prior appeal. <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1757-22